Karen Sue Naylor - Bar No. 144273
P.O. Box 504
Santa Ana, California 92702–0504
Telephone    (949) 262-1748
Facsimile    (714) 708-3949
Email        knaylor@burd-naylor.com

Chapter 7 Trustee

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## SANTA ANA DIVISION

| | |
|---|---|
| In re | Case No. 8:08-bk-16287 RK |
| **PAMELA LEILANI STEWART** | Chapter 7 |
| | **CHAPTER 7 TRUSTEE'S MOTION FOR ORDER DISALLOWING CLAIM NO. 6 FILED BY BANK OF THE WEST; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF KAREN SUE NAYLOR** |
| Debtor | |
| | Date:  March 30, 2010<br>Time:  2:30 p.m.<br>Ctrm:  5D |

Karen Sue Naylor,  the Chapter 7 Trustee, hereby objects to Claim No. 6 filed by Bank of the West on grounds as hereafter set forth.

On December 17, 2008, Bank of the West filed a secured claim in the amount of $71,196.75 which was docketed by the clerk of the court as Claim No. 6.   A true and correct copy of Claim No. 6 is attached hereto as Exhibit "1." The claim provides that the basis for the claim is a lease and guaranty.  The Trustee did not administer any of the assets subject to the security agreement.

1        As a result, Claim No. 6 should be allowed as a secured claim not entitled to

2    distribution from the estate.

3        **WHEREFORE,** after notice and a hearing, the Trustee prays that this Honorable

4    Court enter its order allowing Claim No. 6 filed by Bank of the West as a secured claim

5    not entitled to distribution.

6

7    Date: February __/8__, 2010                    Respectfully submitted,

8

9        Karen Sue Naylor
         Chapter 7 Trustee

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

2

1

## MEMORANDUM OF POINTS AND AUTHORITIES

2

I.

3

## CLAIM NO. 6 SHOULD BE ALLOWED AS A SECURED CLAIM

4

## NOT ENTITLED TO DISTRIBUTION

5    Title 11 U.S.C. § 502(a) provides that a proof of claim that is filed under Section

6  501 is deemed allowed unless a party in interest objects.   Section 502(b) sets forth the

7  statutory grounds for objection in provides in part,

8              (b)   Except as is provided in subsections (e)(2), (f), (g), (h)
             and (l) of this section, if such objection to a claim is made, the
9            court, after notice and a hearing, shall determine the amount
             of such claim in lawful currency of the United States as of the
10           date of filing of the petition, and shall allow such claim in such
             amount, except to the extent that –
11                 (1) such claim is unenforceable against the debtor and
             property of the debtor under any agreement or applicable law
12           for a reason other than because such claim is contingent or
             unmatured.

13

14    On December 17, 2008, Bank of the West filed a secured claim in the amount of

15  $71,196.75 which was docketed by the clerk of the court as Claim No. 6.   The claim

16  provides that the basis for the claim is a lease and guaranty.  The Trustee did not

17  administer any of the assets subject to the security agreement.

18    As a result, Claim No. 6 should be allowed as a secured claim not entitled to

19  distribution from the estate.

20

21  Date: February _18_, 2010              Respectfully submitted,

22

23                                         Karen Sue Naylor
                                           Chapter 7 Trustee

24

25

26

27

28

3

1

## DECLARATION OF KAREN SUE NAYLOR

2    I, Karen Sue Naylor, declare as follows:

3    1.    I am the duly appointed, qualified and acting Chapter 7 Trustee for the
4    bankruptcy estate of Pamela Leilani Stewart.

5    2.    I have reviewed the claims register maintained by the clerk of the court in
6    this matter and have downloaded through PACER the claim filed by Bank of the West.

7    3.    On December 17, 2009, Bank of the West filed a secured claim in the
8    amount of $71,196.75 which was docketed by the clerk of the court as Claim No. 6.    A
9    true and correct copy of Claim No. 6 is attached hereto as Exhibit "1." The claim provides
10    that the basis for the claim is a lease and guaranty. I did not administer any of the assets
11    subject to the security agreement. The only assets administered in this case were tax
12    refunds and the resolution of litigation pertaining to construction defects in the Debtor's
13    residence.

14    4.    As a result, Claim No. 6 should be allowed as a secured claim not entitled
15    to distribution from the estate.

16    I know the foregoing facts to be true of my knowledge or based upon my review
17    of the official court records of the United States Bankruptcy Court for the Central District
18    of California and if called upon as a witness, I could and would so testify.

19    I declare under penalty of perjury under the laws of the United States of America
20    that the foregoing facts are true and correct.

21    Executed on February _18_, 2010 at Santa Ana, California.

22

23    Karen Sue Naylor

24

25

26

27

28

4

<u>In re Pamela Leilani Stewart</u>
Chapter 7 Case No. 8:08-bk-16287 RK

# CHAPTER 7 TRUSTEE'S MOTION FOR ORDER DISALLOWING CLAIM NO. 6 FILED BY BANK OF THE WEST; MEMORANDUM OF POINTS & AUTHORITIES; DECLARATION OF KAREN SUE NAYLOR

# EXHIBIT 1

B10 (Official Form 10) (12/08) - Page 1

| UNITED STATES BANKRUPTCY COURT   CENTRAL DISTRICT OF CALIFORNIA | PROOF OF CLAIM |
|---|---|

| Name of Debtor:<br>PAMELA LEILANI STEWART | Case Number:<br>08-16287-RK |
|---|---|

NOTE: *This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.*

| | |
|---|---|
| Name of Creditor (the person or other entity to whom the debtor owes money or property):<br>BANK OF THE WEST | ☐ Check this box to indicate that this claim amends a previously filed claim. |
| Name and address where notices should be sent:<br>BANK OF THE WEST<br>% FOELL & ELDER<br>3818 E. LA PALMA AVENUE<br>ANAHEIM, CALIFORNIA 92807<br>Telephone number: (714) 999-1100<br><br>*ORIGINAL*<br>**FILED**<br>DEC 17 2008<br>CLERK U S BANKRUPTCY COURT<br>CENTRAL DISTRICT OF CALIFORNIA<br>BY: | **Court Claim Number:** _____<br>*(If known)*<br><br>Filed on: _____ |
| Name and address where payment should be sent (if different from above): <br><br>Telephone number: | ☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.<br>☐ Check this box if you are the debtor or trustee in this case. |

| | |
|---|---|
| **1. Amount of Claim as of Date Case Filed:** $71,196.75<br><br>If all or part of your claim is secured, complete item 4 below; however, if all of your claim is unsecured, do not complete item 4.<br><br>If all or part of your claim is entitled to priority, complete item 5.<br><br>☐ Check this box if claim includes interest or other charges in addition to the principal amount of claim. Attach itemized statement of interest or charges. | **5. Amount of Claim Entitled to Priority under 11 U.S.C. §507(a). If any portion of your claim falls in one of the following categories, check the box and state the amount.**<br><br>Specify the priority of the claim.<br><br>☐ Domestic support obligations under 11 U.S.C. §507(a)(1)(A) or (a)(1)(B). |
| **2. Basis for Claim:** LEASE AND GUARANTY<br>(See instruction #2 on reverse side.) | ☐ Wages, salaries, or commissions (up to $10,950*) earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier – 11 U.S.C. §507 (a)(4). |
| **3. Last four digits of any number by which creditor identifies debtor:** 2051<br>**3a. Debtor may have scheduled account as:** _____<br>(See instruction #3a on reverse side.) | |
| **4. Secured Claim (See instruction #4 on reverse side.)**<br>Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.<br><br>**Nature of property or right of setoff:** ☐ Real Estate  ☐ Motor Vehicle  ☒ Other<br>Describe:<br><br>**Value of Property:** $71,196.75  **Annual Interest Rate** 10 %<br><br>**Amount of arrearage and other charges as of time case filed included in secured claim,**<br>**if any:** $21,763.21  **Basis for perfection:** UCC-1<br><br>**Amount of Secured Claim:** $71,196.75  **Amount Unsecured:** $ -0- | ☐ Contributions to an employee benefit plan – 11 U.S.C. §507 (a)(5)<br><br>☐ Up to $2,425* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. §507 (a)(7).<br><br>☐ Taxes or penalties owed to governmental units – 11 U.S.C. §507 (a)(8).<br><br>☐ Other – Specify applicable paragraph of 11 U.S.C. §507 (a)(___). |
| **6. Credits:** The amount of all payments on this claim has been credited for the purpose of making this proof of claim. | **Amount entitled to priority:**<br>$ _____ |
| **7. Documents:** Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements or running accounts, contracts, judgments, mortgages, and security agreements. You may also attach a summary. Attach redacted copies of documents providing evidence of perfection of a security interest. You may also attach a summary. *(See instruction 7 and definition of "redacted" on reverse side.)*<br><br>DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.<br><br>If the documents are not available, please explain: | *Amounts are subject to adjustment on 4/1/10 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.* |
| Date: 12/16/08 | Signature: The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any.<br><br>WILLIAM N. ELDER JR. / *[signature]* | FOR COURT USE ONLY |

*Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.*

Exhibit ___1___ Page ___5___

## UCC FINANCING STATEMENT
FOLLOW INSTRUCTIONS (front and back) CAREFULLY

A. NAME & PHONE OF CONTACT AT FILER [optional]
Phone: (800) 331-3282 Fax: (818) 662-4141

B. SEND ACKNOWLEDGEMENT TO: (Name and Address)

UCC Direct Services
P.O. Box 29071
Glendale, CA 91209-9071

9768072

CA, Secretary of State

UCC Direct Services
Representation of filing

This filing is Completed
File Number : 067093381883
File Date   : 28-NOV-2006

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

1. DEBTOR'S EXACT FULL LEGAL NAME - insert only one debtor name(1a or 1b) - do not abbreviate or combine names

| 1a. ORGANIZATION NAME | | | | | |
|---|---|---|---|---|---|
| Segway Financial, Inc. | | | | | |

| 1b. INDIVIDUAL LAST NAME | FIRST NAME | MIDDLE NAME | | SUFFIX | |
|---|---|---|---|---|---|

| 1c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| 5000 Birch St., Suite 300 | Newport Beach | CA | 92660 | US |

| 1d. SEE INSTRUCTIONS 20-0349748 | ADD'L INFO RE ORGANIZATION DEBTOR | 1e. TYPE OF ORGANIZATION Corporation | 1f. JURISDICTION OF ORGANIZATION CA | 1g. ORGANIZATIONAL ID#, if any C2561827 | ☐ NONE |
|---|---|---|---|---|---|

2. ADDITIONAL DEBTOR'S EXACT FULL LEGAL NAME - insert only one debtor name(2a or 2b) - do not abbreviate or combine names

| 2a. ORGANIZATION NAME | | | | | |
|---|---|---|---|---|---|

| 2b. INDIVIDUAL LAST NAME | FIRST NAME | MIDDLE NAME | | SUFFIX | |
|---|---|---|---|---|---|

| 2c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|

| 2d. SEE INSTRUCTIONS | ADD'L INFO RE ORGANIZATION DEBTOR | 2e. TYPE OF ORGANIZATION | 2f. JURISDICTION OF ORGANIZATION | 2g. ORGANIZATIONAL ID#, if any | ☐ NONE |
|---|---|---|---|---|---|

3. SECURED PARTY'S (or NAME of TOTAL ASSIGNEE of ASSIGNOR S/P) - insert only one secured party name (3a or 3b)

| 3a. ORGANIZATION NAME | | | | | |
|---|---|---|---|---|---|
| Bank Of The West | | | | | |

| 3b. INDIVIDUAL LAST NAME | FIRST NAME | MIDDLE NAME | | SUFFIX | |
|---|---|---|---|---|---|

| 3c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| 201 N Civic Drive | Walnut Creek | CA | 94596 | US |

4. This FINANCING STATEMENT covers the following collateral:

QTY DESCRIPTION
1 Maispace, Inc. / Org USAGroup of 20 stations (3 1/2" panels)
1 AVA furniture group U shape desk with:36x72 bowed front unit with box/box/file pedestal, 24x48 left bridge, 20x72 credenza with lateral file
1 Sisneros office furniture; 24" diameter x 20"H occasional table
2 Sisneros office furniture; 18" x 18" x 30"H pedestal table
2 Arcadia guest chair
1 Encore seating realm executive chair
1 AVA furniture group U shape desk with:36x72 rectangular front unit with box/box/file pedestal, 24x48 right bridge, 20x72 credenza with lateral file
1 Maispace, Inc. /Org USAGroup of 8 stations (3 1/2" panels)
1 AVA furniture group U shape desk with:36x72 bowed front unit with box/box/file pedestal, 24x48 left bridge, 20x72 credenza with lateral file
1 AVA furniture group bookcase 35"x12"x29"
1 AVA furniture group hinged door credenza 20" x 72" x 29"H
1 Sisneros office furniture 18"x18"x30"H pedestal table
2 Arcadia guest chair
1 Encore seating realm executive chair
VENDOR: Vertex Business Interiors  (cont)
1 Anaheim censible tile arc and conference table 48"wx96"L. One piece top with two cylinder bases
1 Furniture solutions reception desk
1 Globe/Intrinsic 4 drawer lateral files

| 5. ALTERNATE DESIGNATION [if applicable]: | ☒ LESSEE/LESSOR | ☐ CONSIGNEE/CONSIGNOR | ☐ BAILEE/BAILOR | ☐ SELLER/BUYER | ☐ AG.LIEN | ☐ NON-UCC FILING |
|---|---|---|---|---|---|---|
| 6. The FINANCING STATEMENT is to be filed [for record] (or recorded) in the REAL ESTATE RECORDS   Attach Addendum   [if applicable] | ☐ Check to REQUEST SEARCH REPORT(S) on Debtor(s) [ADDITIONAL FEE]   [optional] | | | ☐ All Debtors | ☐ Debtor 1 | ☐ Debtor 2 |

8. OPTIONAL FILER REFERENCE DATA   11117
22523137

FILING OFFICE COPY - UCC FINANCING STATEMENT (FORM UCC1)   (REV. 05/03/82)

Exhibit ___1___  Page ___6___

080-081386-001

**LEASE NUMBER**

| LESSOR: | Pacifica Capital |
| | 8105 Irvine Center Drive Suite #500 |
| | Irvine, CA 92618 |

| FULL LEGAL NAME AND ADDRESS OF LESSEE | SUPPLIER OF EQUIPMENT (COMPLETE ADDRESS) |
|---|---|
| Segway Financial, Inc. | Vertex Business Interiors |
| 5000 Birch St. #300 | 14712 Sinclair Circle |
| Newport Beach, CA 92660 | Tustin CA 92780 |

JOINTLY AND SEVERALLY RESPONSIBLE

| QUANTITY | DESCRIPTION, MODEL #, CATALOG #, SERIAL # OR OTHER IDENTIFICATION |
|---|---|
| EQUIPMENT LEASED | Office Furniture |
| | See Exhibit "A" Attached Hereto And Made A Part Hereof |

| EQUIPMENT LOCATION IF DIFFERENT | STREET ADDRESS | 16500 Bake Pkwy | | | |
|---|---|---|---|---|---|
| | CITY | Irvine | COUNTY | Orange | STATE | CA | ZIP | 92618 |

| TERMS | AMOUNT OF EACH PAYMENT (PLUS SALES TAX, IF APPLICABLE) | MONTHLY ☒ OTHER/SPECIFY ☐ | TERM OF LEASE (NO. OF MONTHS) | NO. OF PAYMENTS | SECURITY DEPOSIT |
|---|---|---|---|---|---|
| | $3,109.03 | monthly | 36 | 36 | 0.00 |
| | First & Last Payment in Advance | | | | |

## TERMS AND CONDITIONS OF LEASE

1. **LEASE.** Lessee hereby leases from Lessor, and Lessor leases to Lessee, the personal property described above, together with any replacement parts, additions, repairs or accessories now or hereafter incorporated in or affixed to it (hereinafter referred to as the "Equipment").

2. **ACCEPTANCE OF EQUIPMENT.** Lessee agrees to inspect the Equipment and to execute an Acknowledgement and Acceptance of Equipment by Lessee notice, as provided by Lessor, after the Equipment has been delivered and after Lessee is satisfied that the Equipment is satisfactory in every respect. Lessee hereby authorizes Lessor to insert in this Lease serial numbers or other identifying data with respect to the Equipment.

3. **DISCLAIMER OF WARRANTIES AND CLAIMS; LIMITATION OF REMEDIES.** THERE ARE NO WARRANTIES BY OR ON BEHALF OF LESSOR. Lessee acknowledges and agrees by his signature below as follows:
(a)   LESSOR MAKES NO WARRANTIES EITHER EXPRESSED OR IMPLIED AS TO THE CONDITION OF THE EQUIPMENT, ITS MERCHANTABILITY, ITS FITNESS OR SUITABILITY FOR ANY PARTICULAR PURPOSE, ITS DESIGN, ITS CAPACITY, ITS QUALITY, ITS Y2K COMPLIANCE, OR WITH RESPECT TO ANY CHARACTERISTICS OF THE EQUIPMENT;
(b)   Lessee has fully inspected the Equipment which it has requested Lessor to acquire and lease to Lessee, and the Equipment is in good condition and to Lessee's complete satisfaction;
(c)   Lessee leases the Equipment "as is" and with all faults;
(d)   Lessee specifically acknowledges that the Equipment is leased to Lessee solely for commercial or business purposes and not for personal, family, or household purposes;
(e)   If the Equipment is not properly installed, does not operate as represented or warranted by the supplier or manufacturer, or is unsatisfactory for any reason, regardless of cause or consequence, Lessee's only remedy, if any, shall be against the supplier or manufacturer of the Equipment and not against Lessor;
(f)   Provided Lessee is not in default under this Lease, Lessor assigns to Lessee any warranties made by the supplier or the manufacturer of the Equipment;
(g)   LESSEE SHALL HAVE NO REMEDY FOR CONSEQUENTIAL OR INCIDENTAL DAMAGES AGAINST LESSOR; and
(h)   NO DEFECT, DAMAGE, OR UNFITNESS OF THE EQUIPMENT FOR ANY PURPOSE SHALL RELIEVE LESSEE OF THE OBLIGATION TO PAY RENT OR RELIEVE LESSEE OF ANY OTHER OBLIGATION UNDER THIS LEASE.
The parties have specifically negotiated and agreed to the foregoing paragraph.          Initials

4. **STATUTORY FINANCE LEASE.** Lessee agrees and acknowledges that it is the intent of both parties to this Lease that it qualify as a statutory finance lease under Article 2A of the Uniform Commercial Code. Lessee acknowledges and agrees that Lessee has selected both: (1) the Equipment; and (2) the supplier from whom Lessor is to purchase the Equipment. Lessee acknowledges that Lessor has not participated in any way in Lessee's selection of the Equipment or of the supplier, and Lessor has not selected, manufactured, or supplied the Equipment.
LESSEE IS ADVISED THAT IT MAY HAVE RIGHTS UNDER THE CONTRACT EVIDENCING THE LESSOR'S PURCHASE OF THE EQUIPMENT FROM THE SUPPLIER CHOSEN BY LESSEE AND THAT LESSEE SHOULD CONTACT THE SUPPLIER OF THE EQUIPMENT FOR A DESCRIPTION OF ANY SUCH RIGHTS.

5. **ASSIGNMENT BY LESSEE PROHIBITED.** WITHOUT LESSOR'S PRIOR WRITTEN CONSENT, LESSEE SHALL NOT ASSIGN THIS LEASE OR SUBLEASE THE EQUIPMENT OR ANY INTEREST THEREIN, OR PLEDGE OR TRANSFER THIS LEASE, OR OTHERWISE DISPOSE OF THE EQUIPMENT COVERED HEREBY.

6. **COMMENCEMENT; RENTAL PAYMENTS; INTERIM RENTALS.** This Lease shall commence upon the written acceptance hereof by Lessor and shall end upon full performance and observance by Lessee of each and every term, condition and covenant set forth in this Lease, any Schedules hereto and any extensions hereof. Rental payments shall be in the amounts and frequency as set forth on the face of this Lease or any Schedules hereto. In addition to regular rentals, Lessee shall pay to Lessor interim rent for the use of the Equipment prior to the due date of the first payment. Interim rent shall be in an amount equal to 1/30th of the monthly rental, multiplied by the number of days elapsing between the date on which the Equipment is accepted by Lessee and the commencement date of this Lease, together with the number of days elapsing between commencement of the Lease and the due date of the first payment. The payment of interim rent shall be due and payable upon Lessee's receipt of invoice from Lessor. The rental period under the Lease shall terminate following the last day of the term stated on the face hereof or in any Schedule hereto unless such Lease or Schedule has been extended or otherwise modified. Lessor shall have no obligation to Lessee under this Lease until the Equipment, for whatever reason, is not delivered to Lessee within ninety (90) days after Lessee signs this Lease. Lessor shall have no obligation to Lessee under this Lease if Lessee fails to execute and deliver to Lessor an Acknowledgement and Acceptance of Equipment by Lessee acknowledging its acceptance of the Equipment within thirty (30) days after it is delivered to Lessee, with respect to this Lease or any Schedule hereto.

7. **CHOICE OF LAW.** This Lease shall not be effective until signed by Lessor at its principal office listed above. This Lease shall be considered to have been made in the state of Lessor's principal place of business listed above and shall be interpreted in accordance with the laws and regulations of the state of Lessor's principal place of business.
Lessee agrees to jurisdiction in the state of Lessor's principal place of business listed above in any action, suit or proceeding regarding this Lease, and concedes that it, and each of them, transacted business in the state of Lessor's principal place of business listed above by entering into this Lease. In the event of any legal action with regard to this Lease or the equipment covered hereby, Lessee agrees that venue may be laid in the County of Lessor's principal place of business.

Lessee authorizes Lessor, its successors, assigns and potential assigns, to obtain a personal credit profile from a national credit bureau for purposes of update, renewal or extension of credit and for reviewing or collecting this Lease.

Any notices required by this Lease or the UCC shall be deemed to be delivered when a record properly directed to the intended recipient has been (a) deposited with the US Postal Service, (b) transmitted by facsimile, (c) transmitted through the internet, or (d) has been personally delivered.

THIS LEASE IS NOT CANCELABLE OR TERMINABLE BY LESSEE. SEE PAGE TWO FOR ADDITIONAL TERMS AND CONDITIONS WHICH ARE A PART OF THIS LEASE.

LESSEE UNDERSTANDS AND ACKNOWLEDGES THAT NO BROKER OR SUPPLIER, NOR ANY SALESMAN, BROKER OR AGENT OF ANY BROKER OR SUPPLIER, IS AN AGENT OF LESSOR, NO BROKER OR SUPPLIER, NOR ANY SALESMAN, BROKER, OR AGENT OF ANY BROKER OR SUPPLIER, IS AUTHORIZED TO WAIVE OR ALTER ANY TERM OR CONDITION OF THIS LEASE, AND NO REPRESENTATION AS TO THE EQUIPMENT OR ANY OTHER MATTER BY THE BROKER OR SUPPLIER, NOR ANY SALESMAN, BROKER, OR AGENT OF ANY BROKER OR SUPPLIER, SHALL IN ANY WAY AFFECT LESSEE'S DUTY TO PAY THE RENTALS AND TO PERFORM LESSEE'S OBLIGATIONS SET FORTH IN THIS LEASE.

LESSEE: Segway Financial, Inc.

_____ DATE 11/16/06

Pamela Malek Stewart          President

DATE

LESSOR: Pacifica Capital

_____ DATE 01/16/07

Pette Kerhoulas, Pres of Gen Ptr

Exhibit _____1_____ Page __7__

**8. SECURITY DEPOSIT.** As security for the prompt & _____ ment of the amounts due under this Lease, and Lessee's complete performance of all its obligations under this Lease, and any extension or renewal hereof, Lessee has deposited with Lessor the security amount set forth in the section shown as "Security Deposit". In the event any default shall be made in the performance of any of Lessee's obligations under this Lease, Lessor shall have the right, but shall not be obligated, to apply the security deposit to the curing of such default. Within 15 days after Lessor mails notice to Lessee that Lessor has applied any portion of the security deposit to the curing of any default, Lessee shall restore said security deposit to the full amount set forth above. On the expiration or earlier termination or cancellation of this Lease, or any extension or renewal hereof, provided Lessee has paid all of the rent called for and fully performed all other provisions of this Lease, Lessor will return to the Lessee any then remaining balance of said security deposit, without interest. Said security deposit may be commingled with Lessor's other funds.

**9. LIMITED PREARRANGED AMENDMENTS; AUTHORIZATION; SPECIFIC POWER OF ATTORNEY.** In the event it is necessary to amend the terms of this Lease to reflect a change in one or more of the following conditions: (a) Lessor's actual cost of procuring the Equipment, or (b) Lessor's actual cost of providing the Equipment to Lessee, or (c) A change in rental payments as a result of (1) or (2) above, or (d) Description of the Equipment, Lessee agrees that any such amendment shall be deposited with a letter from Lessor to Lessee, and unless within 15 days after the date of such letter Lessee objects in writing to Lessor, this Lease shall be deemed amended and such amendments shall be incorporated in this Lease herein as if originally set forth.

Lessee authorizes Lessor or its designee to file a Uniform Commercial Code financing statement without Lessee's signature, in form and content and from time to time as Lessor deems proper, listing Lessee as Lessee or Debtor. Lessee further grants to Lessor a specific power of attorney for Lessor to may sign, endorse or negotiate for Lessor's benefit any instrument representing proceeds from any policy of insurance covering the Equipment.

**10. LESSEE'S REPRESENTATION.** Lessee warrants that its exact legal name, state of incorporation, location of its chief executive office and/or its place of residence as applicable, have been correctly identified to Lessor.

**11. USE; EQUIPMENT LOCATION.** Lessee shall use the Equipment in a careful manner, make all necessary repairs at Lessee's expense, shall comply with all laws relating to its possession, use, or maintenance, and shall not make any alterations, additions, or improvements to the Equipment without Lessor's written consent. All additions, repairs or improvements made to the Equipment shall belong to Lessor. The Equipment shall be kept at the location specified above, or, if none is specified, at Lessee's address as set forth above and shall not be removed without Lessor's written consent.

**12. OWNERSHIP; PERSONALTY.** The Equipment is, and shall remain, the property of Lessor, and Lessee shall have no right, title, or interest in the Equipment except as expressly set forth in this Lease. The Equipment shall remain personal property even though installed in or attached to real property.

**13. SURRENDER.** By this Lease, Lessee acquires no ownership rights in the Equipment, and has no option to purchase same. Upon the expiration, or earlier termination or cancellation of this Lease, or in the event of a default under Paragraph 21, hereof, Lessee, at its expense, shall return the Equipment in good repair, ordinary wear and tear resulting from proper use thereof alone excepted, by delivering it, packed and ready for shipment, to such place as Lessor may specify.

**14. RENEWAL.** At the expiration of the Lease, Lessee shall return the Equipment in accordance with Paragraph 13, hereof. At Lessor's option, this Lease may be continued on a month-to-month basis until 30 days after Lessee returns the Equipment to Lessor. In the event the Lease is so continued, Lessee shall pay to Lessor rentals in the same periodic amounts as indicated on "Amount of Each Payment," above.

**15. LOSS AND DAMAGE.** Lessee shall at all times after signing this Lease bear the entire risk of loss, theft, damage or destruction of the Equipment from any cause whatsoever, and no loss, theft, damage or destruction of the Equipment shall relieve Lessee of the obligation to pay rent or to comply with any other obligation under this Lease. In the event of damage to any part of the Equipment, Lessee shall immediately place the same in good repair at Lessee's expense. If Lessee determines that any part of the Equipment is lost, stolen, destroyed, or damaged beyond repair, Lessee shall, at Lessee's option, do one of the following: (a) Replace the same with like equipment in good repair, acceptable to Lessor; or (b) Pay Lessor in cash the following: (i) all amounts due by Lessee to Lessor under this Lease up to the date of the loss; (ii) the accelerated balance of the total amounts due for the remaining term of this Lease attributable to said item, discounted to present value at a discount rate of 9% as of the date of loss; and (iii) the Lessor's estimate as of the time this Lease was entered into of Lessor's residual interest in the Equipment, discounted to present value at a discount rate of 9%, as of the date of loss. Upon Lessor's receipt of payment as set forth above, Lessee shall be entitled to title to the Equipment without any warranties. If insurance proceeds are used to fully comply with this subparagraph, the balance of any such proceeds shall go to Lessee to compensate for loss of use of the Equipment for the remaining term of the Lease.

**16. INSURANCE; LIENS; TAXES.** Lessee shall provide and maintain insurance against loss, theft, damage, or destruction of the Equipment in an amount not less than its full replacement value of the Equipment, with loss payable to the Lessor. Lessee also shall provide and maintain comprehensive general all-risk liability insurance including but not limited to product liability coverage, insuring Lessor and Lessee, with a severability of interest endorsement, or its equivalent, against any and all loss or liability for all damages, either to persons or property or otherwise, which might result from or happen in connection with the condition, use, or operation of the Equipment, with such limits and with an insurer satisfactory to Lessor. Each policy shall expressly provide that said insurance as to Lessor and its assigns shall not be invalidated by any act, omission, or neglect of Lessee and cannot be cancelled without 30 days' prior written notice to Lessor. As to each policy Lessee shall furnish to Lessor a certificate of insurance from the insurer, which certificate shall evidence the insurance coverage required by this paragraph. Lessor shall have no obligation to ascertain the existence of or provide any insurance coverage for the Equipment or for Lessee's benefit. If Lessee fails to provide such insurance, Lessee will have the right, but no obligation, to have such insurance protecting Lessor placed at Lessee's expense. Such placement will result in an increase in Lessee's periodic payments, such increase being attributed to Lessor's costs of obtaining such insurance and any customary charges or fees of Lessor or its designee associated with such insurance.

Lessee shall keep the Equipment free and clear of all levies, liens, and encumbrances. Lessee shall pay all charges and taxes (local, state, and federal) which may now or hereafter be imposed upon the ownership, leasing, rental, sale, purchase, possession, or use of the Equipment, excluding, however, all taxes on or measured by Lessor's net income. Lessor shall pay such charges or taxes. In that event, Lessor shall notify Lessee of such payment and Lessee shall repay to Lessor the cost thereof within 15 days after such notice is mailed to Lessee.

**17. INDEMNITY.** Lessee shall indemnify Lessor against any claims, actions, damages, or liabilities, including all attorney fees, arising out of or connected with Equipment, without limitation. Such indemnification shall survive the expiration, cancellation, or termination of this Lease. Lessee waives any immunity Lessee may have under any industrial insurance act, with regard to indemnification of Lessor.

**18. ASSIGNMENT BY LE___** . Any assignee of Lessor shall have all of the rights but none of the obligations of Lessor under this Lease. Lessee shall recognize and hereby consents to any assignment of this Lease by Lessor, and shall not assert against the assignee any defense, counterclaim, or setoff that Lessee may have against Lessor. Subject to the foregoing, this Lease inures to the benefit of and is binding upon the heirs, devisees, personal representatives, survivors, successors in interest, and assigns of the parties hereto.

**19. SERVICE CHARGES; INTEREST.** If Lessee shall fail to make any payment required by this Lease within 10 days of the due date thereof, Lessee shall pay to Lessor a service charge of 5% of the amount due; provided, however, that not more than one such service charge shall be made on any delinquent payment regardless of the length of the delinquency. In addition to the foregoing service charge, Lessee shall pay to Lessor a $100 default fee with respect to any payment which becomes thirty (30) days past due. In addition, Lessee shall pay to Lessor any actual additional expenses incurred by Lessor in collection efforts, including but not limited to long-distance telephone charges and travel expenses. Lessee shall pay to Lessor interest on any delinquent payment or amount due under this Lease from the due date thereof until paid, at the lesser of the maximum rate of interest allowed by law or 18% per annum.

**20. TIME OF ESSENCE.** Time is of the essence of this Lease, and this provision shall not be impliedly waived by the acceptance on occasion of late or defective performance.

**21. DEFAULT.** Lessee shall be in default if: (a) Lessee shall fail to make any payment due under the terms of this Lease for a period of 10 days from the due date thereof; or (b) Lessee shall fail to observe, keep or perform any other provision of this Lease, and such failure shall continue for a period of 10 days; or (c) Lessee has made any misleading or false statement, or representation in connection with application for or performance of this Lease; or (d) The Equipment or any part thereof shall be subject to any lien, levy, seizure, assignment, transfer, bulk transfer, encumbrance, application, attachment, execution, sublease, or sale without prior written consent of Lessor, or Lessee shall abandon the Equipment or permit any other entity or person to the use Equipment without the prior written consent of Lessor; or (e) Lessee dies or ceases to exist; or (f) Lessee changes its name, state of incorporation, chief executive office and/or place of residence without providing Lessor with 30 days written notice of such change; or (g)Lessee defaults on any other agreement it has with Lessor; or (h) Any guarantor of this Lease defaults on any obligation to Lessor, or any to the above listed events of default occur with respect to any guarantor or any such guarantor files or has filed against it a petition under the bankruptcy laws.

**22. REMEDIES.** If Lessee is in default, Lessor, with or without notice to Lessee, shall have the right to exercise any one or more of the following remedies, concurrently or separately, and without any election of remedies being deemed to have been made: (a) Lessor may enter upon Lessee's premises and without any court order or other process of law may repossess and remove the Equipment, or render the Equipment unusable without removal, either with or without notice to Lessee. Lessee hereby waives any trespass or right of action for damages by reason of such entry, removal or disabling. Any such repossession shall not constitute a termination of this Lease unless Lessor so notifies Lessee in writing; (b) Lessor may require Lessee, at its expense, to return the Equipment in good repair, ordinary wear and tear resulting from proper use thereof alone, excepted, by delivering it, packed and ready for shipment, to such place as Lessor may specify; (c) Lessor may cancel or terminate this Lease and may retain any and all prior payments paid by Lessee; (d) Lessor may declare all sums due and to become due under this Lease immediately due and payable, including as to any or all items of Equipment, without notice or demand to Lessee; (e) Lessor may re-lease the Equipment, without notice to Lessee, to any third party, upon such terms and conditions as Lessor alone shall determine, or may sell the Equipment, without notice to Lessee, at private or public sale, at which sale Lessor may be the purchaser; (f) Lessor may sue for and recover from Lessee the sum of all unpaid rents and other payments due under this Lease then accrued, all accelerated future payments due under this Lease, reduced to their present value using a discount rate of 9%, as of the date of default, plus Lessor's estimate at the time this Lease was entered into of Lessor's residual interest in the Equipment, reduced to present value at a discount rate of 9%, as of the date of default, less the net proceeds of disposition, if any, of the Equipment; (g) To pursue any other remedy available at law, by statute or equity. No right or remedy herein conferred upon or reserved to Lessor is exclusive of any other right or remedy herein, or by law or by equity provided or permitted, but each shall be cumulative of every other right or remedy given herein or now or hereafter existing by law or equity or by statute or otherwise, and may be enforced concurrently therewith or from time to time. No single or partial exercise by Lessor of any right or remedy hereunder shall preclude any other or further exercise of any other right of remedy.

**23. MULTIPLE LESSEES.** Lessor may, with the consent of any one of the Lessees hereunder, modify, extend, or change any of the terms hereof without consent or knowledge of the others, without in any way releasing, waiving, or impairing any right granted to Lessor against the others. Lessees and each of them are jointly and severally responsible and liable to Lessor under this Lease.

**24. EXPENSE OF ENFORCEMENT.** In the event of any legal action with respect to this Lease, the prevailing party in any such action shall be entitled to reasonable attorney fees, including attorney fees incurred at the trial level, including action in bankruptcy court, on appeal or review, or incurred without action, suits or proceedings, together with all costs and expenses incurred in pursuit thereof.

**25. ENTIRE AGREEMENT; NO ORAL MODIFICATIONS; NO WAIVER.** This instrument constitutes the entire agreement between Lessor and Lessee. No provision of this Lease shall be modified or rescinded unless in writing signed by a representative of Lessor. Waiver by Lessor of any provision hereof in one instance shall not constitute a waiver as to any other instance.

**26. SEVERABILITY.** This Lease is intended to constitute a valid and enforceable legal instrument, and no provision of this Lease that may be deemed unenforceable shall in any way invalidate any other provision or provisions hereof, all of which shall remain in full force and effect.

**27. FACSIMILE.** If a signed copy of this Lease or any associated document is delivered to Lessor by facsimile transmission it shall be binding on Lessee and Lessee agrees, notwithstanding any rule of evidence to the contrary, that such facsimile signature of Lessee shall be deemed an original signature.

LESSEE HAS READ AND AGREES TO ALL ITEMS ON THIS PAGE 2 OF 2

Exhibit _____ 1 _____ Page _____



# EXHIBIT "A"

**_Vendor:_**
**Vertex Business Interiors**
**14712 Sinclair Circle**
**Tustin CA 92780**

| QTY | DESCRIPTION |
|---|---|
| 1 | Maispace, Inc. / Org USA |
| | Group of 20 stations (3 ½" panels) |
| 1 | AVA furniture group U shape desk with: |
| | 36x72 bowed front unit with box/box/file pedestal, 24x48 left bridge, 20x72 credenza with lateral file |
| 1 | Sisneros office furniture; 24" diameter x 20"H occasional table |
| 2 | Sisneros office furniture; 18" x 18" x 30"H pedestal table |
| 2 | Arcadia guest chair |
| 1 | Encore seating realm executive chair |
| 1 | AVA furniture group U shape desk with: |
| | 36x72 rectangular front unit with box/box/file pedestal, 24x48 right bridge, 20x72 credenza with lateral file |
| 1 | Maispace, Inc. /Org USA |
| | Group of 8 stations (3 ½" panels) |
| 1 | AVA furniture group U shape desk with: |
| | 36x72 bowed front unit with box/box/file pedestal, 24x48 left bridge, 20x72 credenza with lateral file |
| 1 | AVA furniture group bookcase 35"x12"x29" |
| 1 | AVA furniture group hinged door credenza 20" x 72" x 29"H |
| 1 | Sisneros office furniture 18"x18"x30"H pedestal table |
| 2 | Arcadia guest chair |
| 1 | Encore seating realm executive chair |

This Exhibit "A" is attached to and a part of Lease No. _____ and constitutes a true and accurate description of the equipment.

LESSEE: Segway Financial Inc.

By: _____  Title: __President__  Date: 11/16/06

    Pamela Mielak Stewart

LESSOR: Pacifica Capital

By: _____  Title: _Pres of Gen Ptr_  Date: 01/16/07

    Bette Kerhoulas

# EXHIBIT "A"

| | VENDOR:  Vertex Business Interiors  (cont) |
|---|---|
| 1 | Anaheim centsible tile arc end conference table 48"wx96"L. One piece top with two cylinder bases |
| 1 | Furniture solutions reception desk |
| 1 | Globe/Intrinsic 4 drawer lateral files |

This Exhibit "A" is attached to and a part of Lease No. _____ and constitutes a true and accurate description of the equipment.

LESSEE: Segway Financial, Inc.

By: _____  Title:  __President__  Date: __11/16/06__
Pamela Mielak Stewart

LESSOR: Pacifica Capital

By: _____  Title:  __Pres of Gen Ptr__  Date: __01/16/07__
Bette Kerhoulas

Page 2 of 2

Exhibit ____1____ Page __10__

LESSOR:    Pacifica Capital
           8105 Irvine Center Drive Suite #500
           Irvine, CA 92618

LEASE NUMBER _____

DATE OF LEASE ____11/16/06____

LESSEE:    Segway Financial, Inc.
           5000 Birch St. #300
           Newport Beach, CA 92660

# ACKNOWLEDGEMENT AND ACCEPTANCE
# OF EQUIPMENT BY LESSEE

**Office Furniture**
**See Exhibit "A" Attached Hereto And Made A Part Hereof**

Lessee hereby acknowledges that the Equipment described above has been received in good condition and repair, has been properly installed, tested, and inspected, and is operating satisfactorily in all respects for all of Lessee's intended uses and purposes. Lessee hereby accepts unconditionally and irrevocably the Equipment.

By signature below, Lessee specifically authorizes and requests Lessor to make payment to the supplier of the Equipment. Lessee agrees that said Equipment has not been delivered, installed, or accepted on a trial basis.

WITH THE DELIVERY OF THIS DOCUMENT TO LESSOR, LESSEE ACKNOWLEDGES AND AGREES THAT LESSEE'S OBLIGATIONS TO LESSOR BECOME ABSOLUTE AND IRREVOCABLE AND LESSEE SHALL BE FOREVER ESTOPPED FROM DENYING THE TRUTHFULNESS OF THE REPRESENTATIONS MADE IN THIS DOCUMENT.

DATE OF ACCEPTANCE:                    LESSEE:Segway Financial, Inc.

___01/16/07_____                 _____
                                       Pamela Mielak Stewart        President

**IMPORTANT:** THIS DOCUMENT HAS LEGAL AND FINANCIAL CONSEQUENCES TO YOU. DO NOT SIGN THIS DOCUMENT UNTIL YOU HAVE ACTUALLY RECEIVED **ALL** OF THE EQUIPMENT AND ARE COMPLETELY SATISFIED WITH IT.

I HEREBY AUTHORIZE _____ ,_____
                                              TITLE
TO ORALLY VERIFY MY/OUR ACCEPTANCE OF THE ABOVE REFERENCED EQUIPMENT IN MY ABSENCE.

Exhibit _____1_____ Page ___11

# END OF LEASE PURCHASE OPTION

Pacifica Capital, the Lessor named in an Equipment Lease dated ___11/16/06___, number _____ ("Lease") hereby grants to the Lessee named in the Lease and identified below (the "Lessee"), the right of first refusal to purchase the equipment leased thereby, as a whole and not in part, on an "AS IS, WHERE IS," BASIS, WITHOUT REPRESENTATIONS OR WARRANTIES OF ANY KIND WHATSOEVER, EXPRESS OR IMPLIED, at the end of the original or any renewal term of such Lease, for an amount equal to:

Check One

A.   ☐   End of Lease Fair Market Value;

B.   ☐   10% (of equipment cost) Stated End of Lease Fair Market Value $_____;

C.   ☒   $1.00;

D.   ☐   10% (of equipment cost) Option;

E.   ☐   $101.00;

F.   ☐   $150.00;

PLUS ANY APPLICABLE TAX, (Collectively "Purchase Option Price").

Lessee understands and agrees that no salesperson or agent of the Supplier of the equipment is authorized to alter or sign this agreement.  This option is not binding upon Lessor unless signed by an authorized employee of Lessor.

This option being predicated upon the ability of the Lessee to maintain his account with Lessor in good order and make prompt and timely payments, this option shall expire and become null and void if the Lessee is in default for a period of thirty (30) days or longer.   As an additional condition of this option, Lessee shall pay to Lessor, by the last day of the term of the Lease, all other amounts due from Lessee to Lessor under the Lease, including but not limited to property taxes, insurance, late fees, interest, or other charges which from time to time may be assessed under the Lease.  This option may be exercised by Lessee only upon not less than thirty (30) days nor more than sixty (60) days prior written notice to Lessor, and accompanied by the Purchase Option Price.

LESSEE: Segway Financial, Inc.

By: _____   Title:   President   Date:  11/16/06
    Pamela Mielak Stewart


LESSOR: Pacifica Capital

By: _____   Title:   Pres of Gen Ptr   Date:  01/16/07
    Bette Kerhoulas

Exhibit ___1___   Page __12__

# CORPORATE RESOLUTION AUTHORIZING LEASE

I, <u>Pamela Mielak Stewart</u>, the duly elected Secretary of <u>Segway Financial, Inc.</u> (Lessee), (the "Corporation") do hereby certify that at a Special Meeting of the Board of Directors of said Corporation held on the ___16th___ day of ___November___, ___2006___, the following resolution was adopted and remains in full force and effect:

> "RESOLVED, that any President, Vice President, Treasurer or Secretary, or if not such officer then the authorized signatory listed below, be and are hereby authorized and directed to enter into, execute and deliver on behalf of the Corporation a Lease Agreement with Pacifica Capital and/or its assignee hereby whereby the Corporation will lease certain equipment on such other terms and conditions as set forth in said lease, a copy of which lease was exhibited to the Board of Directors, or such other terms as such officers deem advisable."

I further certify that <u>Segway Financial, Inc.</u> is the full and correct legal name of the corporation and that the corporation is incorporated under the laws of <u>California</u>.

IN WITNESS WHEREOF, I have affixed my name as secretary of the corporation and have caused the corporate seal of said Corporation to be hereunto affixed this date:
___11/16/06___

_____
(Secretary) - Pamela Mielak Stewart

If Secretary executes Lease, President or Vice President must execute Certificate of Resolution.

(Corporate Seal)

### Single Officer Addendum

I further certify that I am the duly elected President and Secretary of said corporation and that I am the only officer of said corporation and, therefore, the only person authorized to execute documents and incur liabilities on behalf of said corporation as of the date of this certificate.

_____
Pamela Mielak Stewart

## UIPMENT LEASE GUARANY

LESSOR:    Pacifica Capital
8105 Irvine Center Drive Suite #500
Irvine, CA 92618

LEASE NO: _____

DATE OF LEASE: ___11/16/06___

This Guaranty Agreement made and entered into this 16th day of Nov ____, 2006 by Pamela Mielak Stewart, an individual (hereinafter referred to collectively as "Guarantor"), in favor of Pacifica Capital (hereinafter referred to as "Lessor").

WHEREAS, it is contemplated that Lessor may enter into a lease and/or other related agreements (hereinafter collectively "Lease") with Segway Financial, Inc. (hereinafter collectively "Lessee"); and,

WHEREAS, Guarantor has an interest, financial or otherwise, in Lessee, and it is to the benefit of Guarantor that Lessor enter into the Lease with Lessee, and Guarantor has read the proposed Lease in full and finds the terms of said Lease acceptable, and in recognition that Lessor would be unwilling to enter into the Lease without the Guaranty hereinafter set forth, and in recognition of Lessor's reliance upon the Guaranty in entering into the Lease;

NOW, THEREFORE, in order to induce Lessor to enter into the Lease, Guarantor, jointly and severally, unconditionally guaranties the faithful and full performance by Lessee of all terms and conditions of the Lease. In the event of default by Lessee, or failure to faithfully perform any of the terms or conditions required of Lessee under the Lease, or in the event of failure of Lessee to make any or all payments of money required of it under the Lease, Guarantor unconditionally promises to pay to Lessor, in lawful money of the United States, all sums at any time due and unpaid under the Lease, plus costs of collection, including reasonable attorney fees with or without trial, and upon appeal and review.

The obligations of Guarantor hereunder are joint and several and independent of the obligations of Lessee under the Lease, and a separate action or actions may be brought against Guarantor, whether action is brought against Lessee or whether Lessee be joined in any action or actions, the liability of Guarantor hereunder being primary. Guarantor hereby waives the benefit of any suretyship defenses affecting its liability hereunder or the enforcement hereof.

Guarantor authorizes Lessor, without notice or demand, and without affecting Guarantor's liability hereunder, from time to time to renew, extend, accelerate, or otherwise change the payment terms or other terms of the Lease or any part thereof. Lessor may, without notice, assign this Guaranty in whole or in part.

Guarantor hereby waives any right to require Lessor to: (a) proceed against Lessee; (b) proceed against or exhaust any security held by Lessor; or (c) pursue any other remedy in Lessor's power. Guarantor waives any defense arising by reason of any defense of Lessee, or by reason of the cessation, from any cause whatsoever, of the liability of Lessee under the Lease. Guarantor waives any and all demands for performance, notices of nonperformance or default, and notices of cancellation or forfeiture. Lessor may apply all proceeds received from Lessee or others to such part of Lessee's indebtedness as Lessor may deem appropriate without consulting Guarantor and without prejudice to or in any way limiting or lessening the liability of Guarantor under this Guaranty.

If Lessee is a corporation, the undersigned warrant and represent that they are stockholders, directors or officers and/or are financially or otherwise interested in Lessee, and, if married, their marital communities are so interested.

This Guaranty shall not be affected or discharged by the death of the undersigned, but shall bind Guarantor's heirs and personal representatives, and shall inure to the benefit of any successors or assigns of Lessor. Guarantor further allows Lessor to pull updated credit bureaus throughout the duration of the lease.

This instrument constitutes the entire agreement between Lessor and Guarantor. No oral or written representation not contained herein shall in any way affect this Guaranty, which shall not be modified except by the parties in writing. Waiver by Lessor of any provision hereof in one instance shall not constitute a waiver as to any other instance.

**IMPORTANT: THIS AGREEMENT CREATES SPECIFIC LEGAL OBLIGATIONS. DO NOT SIGN IT UNTIL YOU HAVE FULLY READ IT. BY SIGNING YOU COMPLETELY AGREE TO ITS TERMS.**

IN WITNESS WHEREOF, the undersigned Guarantor(s) has/have executed this Guaranty this 16th day of November 2006

| GUARANTOR: Pamela Mielak Stewart | GUARANTOR: |
| --- | --- |
| NAME          Pamela Mielak Stewart | NAME |
| 27791 Daisyfield Dr. | |
| HOME ADDRESS | HOME ADDRESS |
| Laguna Niguel          CA          92677 | |
| CITY          STATE          ZIP | CITY          STATE          ZIP |
| WITNESS | WITNESS |

## ASSIGNMENT AND SECURITY AGREEMENT

FOR VALUE RECEIVED, Receipt of which is hereby acknowledged, the undersigned hereby assigns, transfers and sets over to <u>Bank Of The West</u> (hereinafter called Assignee) all monies, sums and amounts now due and/or hereafter to become due to assignor from <u>Segway Financial, Inc.</u> (herein called Lessee) under or on account of that certain Lease Agreement dated ___11/16/06___ and all undersigned's rights and remedies thereunder, including the right to receive and collect rental payments due thereon and to take any action thereunder which undersigned might otherwise take.

As security for the performance of all obligations of the Lessee under the Lease, Assignor hereby grants Assignee a security interest in and a lien on all of the Assignor's rights, title and interest in the equipment now owned by the Assignor and leased to Lessee. Said equipment is described in Schedule A of this assignment attached hereto.

Notwithstanding any other provision of this Assignment and Security Agreement, all obligations of Assignor hereunder are non-recourse obligations of Assignor, the liability of Assignor hereunder to make payments and to perform all other obligations of Assignor hereunder are limited solely to payments out of the rent assigned and to payments out of the proceeds of the other security provided herein, no holder hereof shall have recourse against any other assets of Assignor in the event that such rents and proceeds should not be sufficient to discharge fully the liability and obligations of Assignor hereunder; <u>provided however</u>, that Assignee shall have recourse to Assignor for any claims arising out of the breach by Assignor of any of its representations and warranties contained in the Master Lease Discounting Agreement executed by Assignor previously.

Undersigned  warrants that said Lease Agreement is genuine and represents a valid obligation of a bona fide Lessee, all names, addresses, amounts, dates, signatures and other statements and facts contained therein are true and correct; the equipment described therein has been previously duly delivered or installed, as applicable, and accepted by Lessee; the Lease Agreement and any guaranty in connection therewith are and will be legally enforceable by you as the Assignee in the State(s) where the Lessee and equipment covered thereby are located; the Lease Agreement evidences a valid reservation of title to the described equipment effective as against all parties or persons; the Lease Agreement complies in all respects with applicable laws and regulations and is and will be free from any liens, set offs, counterclaims and other defenses. The undersigned has properly and timely filed or recorded UCC financing statements and/or other documents or statements pertaining to said Lease Agreement as required under all applicable filing and recording statutes.  The undersigned has the right to assign the Lease Agreement, and this Assignment conveys good title with no liens and encumbrances whatsoever.

Exhibit ___/___ Page __/5

It is expressly agreed that . ...ing herein contained to the contrary . ...ithstanding (a) Assignor shall, at all times, remain liable to the Assignee under the Lease Agreement to perform all the obligations of the Assignor to the same extent as if this assignment had not been executed and (b) the exercise by the Assignee of the rights assigned hereunder shall not release the Assignor from any of its duties or obligations to the Lessee under the Lease Agreement except to the extent that such exercise by Assignee shall constitute performance of such obligations.

Assignor hereby certifies that the Lease Agreement constitutes the entire Agreement between Assignor and Lessee and that no other assignment or security interest has been or will be granted with respect to the collateral or the monies assigned hereunder.

Dated: _____ January 15, 2007 _____

Assignor: _____ Pacifica Capital _____

By: _____ *Bette Kerhoulas* _____
        Bette Kerhoulas

Title: _____ President of General Partner _____

Exhibit ____ 1 ____ Page ___ 16

Jan. 18. 2007  2:16PM

Date: 01/16/2007

Gentlemen:

Please be advised that we have assigned to Bank of the West ("Assignee") the remaining payments and certain other amounts due under your lease or financing agreement (the "Agreement") dated    11/16/06
covering:

The remaining number of payments is 34. The next payment due is in the amount of $3,109.03, and is payable on the _____ day of _____ _____, _____.

                                                    (month)          (year)

You are hereby instructed to pay all payments and other sums due or which become due under the terms of the Agreement for which Assignee renders you an invoice to Assignee as described below.

In connection with this assignment Assignee will include the Agreement in its standard replacement insurance program. Under this program, whether or not provided in the Agreement, if you fail to comply with your insurance obligations under the Agreement, Assignee may force place Assignee's standard form replacement coverage. However, before Assignee does so, Assignee will give you notice and an opportunity to obtain the required coverage. If you do not do so and Assignee places coverage, you will be charged, and be obligated to pay for, the replacement coverage as described here. The charge, which will be billed with the periodic payments, will include a fee Assignee retains plus interest on Bank's premiums as well as the allocable premium. Also, any insurance Assignee obtains will protect Assignee only will not include any liability coverage whatsoever and will not relieve your liability for the difference between the insurance proceeds and your responsibility for the amount which must be paid off as to any covered property after a casualty loss or cover any excess value of that property. No further charges will be imposed once and for so long as you comply with your insurance obligations under the Agreement.

Please indicate your acceptance of this notice below on the line indicated.

                                                    Sincerely,

                                                    By: _____
                                                         Bette Kerhoulas
                                                    Title: _____ Pres of Gen Ptr _____

## ACKNOWLEDGEMENT OF ASSIGNMENT AND ACCEPTANCE OF INSURANCE TERMS

The undersigned Lessee/Debtor under the Agreement agrees to the foregoing insurance terms and acknowledges its duty to pay directly to Assignee at Bank of the West Equipment Leasing Department, P. O. Box 4002, Concord, California 94524-4002, or as otherwise directed by Assignee, all payments and other monies due or to become due pursuant to the Agreement for which Assignee renders an invoice. The undersigned further agrees that it has no counterclaim or offset against any payments due thereunder; and, as to Assignee, hereby waives all rights of termination under the Agreement and any counterclaims or offsets against said payments thereunder which hereafter arise; provided, however, that the undersigned may terminate the Agreement by prepayment of the prepayment amount provided to be paid thereunder, if such prepayment is provided for therein. The undersigned further represents to Assignee that all facts stated above relating to the Agreement are correct and acknowledges that no amendment to said Agreement shall be made without the prior written consent of Assignee.

                                                    Segway Financial, Inc.
                                                        (Lessee/Debtor)

                                                    By: _____
                                                         Pamela Mielak-Stewart

                                                    Title: _____ President _____

Exhibit ____1____ Page __12__

JAN-19-2007 03:03PM  FROM-PACIFICA CAPITAL
T-360  P.002/002  F-753

1                    **CERTIFICATION OF SERVICE**

2       I, the undersigned whose address appears below, certify:

3       That I am, and at all times hereinafter mentioned was, more

4  than 18 years of age:

5       That on the 16TH day of December, 2008, I served a true copy

6  of the within... PROOF OF CLAIM

7       on the undersigned parties in this action as set forth below

8  by first class postage pre-paid mail in a sealed envelope and

9  deposited at Anaheim, California.

10      I certify under penalty of perjury under the Laws of the

11  United States of America that the foregoing is true and correct.

12  DATED: DECEMBER 16, 2008

13                                    ERIN O. OLSCHEWSKE
                                     3818 E. LA PALMA AVENUE
14                                   ANAHEIM, CALIFORNIA 92807

15  PARTIES SERVED:

16  PAMELA LEILANI STEWART AKA
17  PAMELA MIELAK STEWART FKA PAMELA LEILANI MIELAK
   24 FLINTSTONE
18  ALISO VIEJO, CALIFORNIA 92656

19  KAREN S. NAYLOR
   TRUSTEE
20  P.O. BOX 504
   SANTA ANA, CALIFORNIA 92702-0504

21
   RALPH ASCHER
22  11022 ACACIA PARKWAY, SUITE D
   GARDEN GROVE, CALIFORNIA 92840

23
   U.S. TRUSTEE
24  411 FOURTH STREET, SUITE 9040
   SANTA ANA, CALIFORNIA 92701

25

26

27

28

                          1

                                   Exhibit _____/_____ Page 18

| In re:<br>PAMELA LEILANI STEWART | Chapter  7 |
|---|---|
| Debtor(s) | Case No. 8:08-bk-16287 RK |

### PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is;  200 West Santa Ana Boulevard, Suite 400, Santa Ana, California 92701.

A true ane correct copy of the foregoing document described as **CHAPTER 7 TRUSTEE'S MOTION FOR ORDER DISALLOWING CLAIM NO. 6  FILED BY BANK OF THE WEST;  MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF KAREN SUE NAYLOR** will be served or was served (a) on the judge in chambers in the form and manner required by LBR 5005-2(d); and (b) in the manner indicated below .

**I.        TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document.  On ____2/22____, 2010, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice list to receive . NEF transmission at the email address(es) indicated below:

Office of U.S. Trustee:                              ustpregion16.sa.ecf@usdoj.gov
o   Service information continued on attached page.

**II.        SERVED BY U.S. MAIL OR OVERNIGHT MAIL** (indicate method for each person or entity served:  On __ ____2/22____, 2010, I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Debtor
Pamela Leilani Stewart
24 Flintstone
Aliso Viejo,CA 92656

Debtor's Counsel
Ralph Ascher
11022 Acacia Parkway      Suite D
Garden Grove, CA 92840

Claimant
Bank of the West
c/o Foell & Elder
Attention: William N. Elder Jr.
3818 East La Palma Avenue
Anaheim, CA 92807

Bank of the West
Attention: President
180 Montgomery Street
San Francisco, CA 94104
[via Certified Mail]

[All served via U.S. Mail]

o    Service information continued on attached page.
**III.        SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicated method for each person or entity served:  Pursuant to Fed.R.Civ.Proc. 5 and/or controlling LBR, on ____2/22____, 2010, I served the following person(s) or entity(ies) by personal delivery or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.

Hon. Judge Robert Kwan                              [via personal delivery]
U.S. Bankruptcy Court
411 West Fourth Street      Suite 5165
Santa Ana, CA 92701

o   Service information continued on attached page.
I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

_2/22/10_          _Morna I. Crouch_          _(signature)_
Date                    Type Name                  Signature